UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Gralish, | Case No. 21-cv-711 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| U.S. Government, | |
| Defendant. | |

This matter comes before the Court for review of pro se Plaintiff Shawn Gralish's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, pursuant to 28 U.S.C. § 1915(a)(1), and for screening of his Complaint, ECF No. 1, in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons stated herein, including that this is his third attempt to initiate a case in this District concerning the same subject matter to no avail, it is recommended that Gralish's case be dismissed with prejudice.

### I. IFP APPLICATION & SCREENING UNDER § 1915(e)(2)(B)

**A. Legal Standard**

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Any plaintiff who proceeds IFP is subject to having his or her complaint screened under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per

1

curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quotation omitted). Thus, "if the essence of an allegation is discernible, . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). But, "[a]lthough pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Stated differently, "this standard does not excuse pro se complaints from 'alleg[ing] sufficient

2

facts to support the claims advanced.'" *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (per curiam) (alteration in original) (quoting *Stone*, 364 F.3d at 914).

**B. Mr. Gralish's Complaint**

Although Mr. Gralish qualifies financially to proceed IFP, his complaint must state a sufficient, non-frivolous claim in order for his application to be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The present complaint is Mr. Gralish's third attempt in the last approximately four months to initiate federal litigation concerning the same subject matter. *See generally Gralish v. United States Gov't (FBI)*, No. 21-cv-172 (PJS/KMM), 2021 WL 1169304 (D. Minn. Mar. 2, 2021) [hereinafter *Gralish II*] (recommending dismissal for failure to state claim), *report and recommendation adopted*, 2021 WL 1169302 (D. Minn. Mar. 26, 2021); *Gralish v. Fed. Bureau of Investigation*, No. 20-cv-2469 (PJS/ECW), 2021 WL 293256 (D. Minn. Jan. 5, 2021) [hereinafter *Gralish I*] (recommending dismissal for failure to state claim), *report and recommendation adopted*, 2021 WL 288768 (D. Minn. Jan. 28, 2021). The essence of all three complaints is that Mr. Gralish is being monitored via wire-tap surveillance and has been wrongfully diagnosed with schizophrenia.

In the present complaint, Mr. Gralish identifies two individuals allegedly "on th[e] wire." Compl. at 4, ECF No. 1. The factual allegations consist of a single paragraph:

> I was put on an FBI wire while the FBI was investigating me and was told I was going to be on this wire for the rest of my life. While on this wire I got wrongfully committed at HCMC because they thought I was talking to myself. I was forced to take the drugs Risperedone [sic] and Zyprexa. They have wires in all my clothes, my apartment and my tooth gums. I was told to sue our government by the FBI Minnesota field office. Two people that have been on this wire are Chris Wray Director of the FBI and Jill Sanborn.

Compl. at 4.

As with Mr. Gralish's prior complaints, it continues to remain unclear what kind of legal claim he seeks to bring against the United States government, the FBI, Wray, or Sanborn. *See Gralish II*, 2021 WL 1169304, at *2; *Gralish I*, 2021 WL 293256, at *1-2. Further, there are not enough facts regarding Wray and Sanborn's involvement in the acts complained of. Mr. Gralish has not explained what Wray and Sanborn did or failed to do that caused him harm. Mr. Gralish has previously been warned that, in order to state a claim against a government actor, he needs to describe the actions of the individual who allegedly violated his rights. *See Gralish II*, 2021 WL 1169304, at *2; *Gralish I*, 2021 WL 293256, at *1-2. Lastly, the allegations themselves could well be described as "fanciful" or "fantastic," and thus factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)).

Despite multiple warnings, Mr. Gralish has not successfully identified a proper defendant or theory of relief. Mr. Gralish has now had three opportunities to file a complaint that states a valid claim regarding the events in question as well as the opportunity to object to the prior recommendations. At this juncture, the Court will recommend that this matter be dismissed with prejudice, meaning that Mr. Gralish cannot file another similar or identical case. If Mr. Gralish continues to submit the same lawsuit repeatedly, he could be subject to filing restrictions as a frivolous litigant.

## II. FUTURE FILINGS

In closing, Mr. Gralish is encouraged to consider carefully the reasons his previous complaints were dismissed before attempting to initiate any future litigation of a similar nature. "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (quotation and citation omitted).

Individuals who file a large volume of cases that are found to be frivolous can be subject to partial or complete restriction of their ability to file claims without the Court's prior authorization. *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (litigant who engaged in pattern of filing frivolous claims may be ordered to obtain court-approval before filing future lawsuits); *see also Slayton v. Mower Cty. Sheriff's Office*, No. 19-cv-1294 (DWF/TNL), 2020 WL 736683, at *4-5 (D. Minn. Jan. 29, 2020) (recommending filing restriction on a frivolous litigant), *report and recommendation adopted*, 2020 WL 733105 (D. Minn. Feb. 13, 2020) (imposing restriction).

Monetary sanctions may also be imposed. *See, e.g.*, *City of Shorewood v. Johnson*, No. 11-cv-374 (JRT/JSM), 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012) (filing restriction and award of fees and costs); *Heimermann v. Ramp*, No. 01-cv-437 (ADM/AJB), 2001 WL 1628739, at *2 (D. Minn. Sept. 6, 2001) (filing condition and $750.00 sanction).

If Mr. Gralish files future cases concerning the same subject matter that are frivolous or fail to state a claim, he may become subject to restrictions on his ability to initiate new litigation in this District.

### III. RECOMMENDATION

Based on the filings, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Gralish's Complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim.

2. Mr. Gralish's application to proceed *in forma pauperis*, ECF No. 2, be **DENIED AS MOOT**.

Date: April  27 , 2021                                          *s/ Tony N. Leung*
                                                                Tony N. Leung
                                                                United States Magistrate Judge
                                                                District of Minnesota

                                                                *Gralish v. United States Government*
                                                                Case No. 21-cv-711 (JRT/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).